# DAVIS *v.* HARPER.

APPELLATE PRACTICE; TRANSCRIPT OF RECORD; CERTIORARI.

1. The rules of this court relating to the preparation of transcripts of records on appeal, discussed and elaborated.

2. Where a decree of the court below dismisses a bill in equity filed to vacate an alleged fraudulent deed, upon the ground that the testimony taken fails to substantiate the charge of fraud, and an appeal is taken to this court, but the entire testimony is omitted from what purports to be the transcript of the record filed in this court, but which only contains copies of certain papers on file in the cause, there is no record in this court upon which the case can be heard.

3. A certificate of the clerk of the lower court attached to such an alleged transcript to the effect that "the foregoing pages numbered from 1 to 36, inclusive, are true copies of originals in cause No. 18,694, in equity, wherein George E. Davis is complainant and Marian A. Harper et al. are defendants, as the same remain upon the files and records of said court," is defective and insufficient, as it does not certify that the transcript is, in fact, a transcript of the record in the cause.

4. Where there is a duly certified transcript of a record in this court, and application is made for the writ of *certiorari* to bring up matters alleged to have been omitted, the cost of the additional transcript should be borne in the first instance by the applicant for the writ, subject to the final determination of this court upon its materiality and the apportionment of costs thereupon.

No. 865. Submitted February 13, 1899. Decided February 28, 1899.

HEARING on a motion by the appellant to dispense with the printing of part of the record. *Overruled.*

*Mr. J. H. Adriaans* for the motion.

*Mr. Richard P. Evans* and *Mr. Edwin Forrest* opposed.

Mr. Justice MORRIS delivered the opinion of the Court:

The record, or what is called the record, in this cause was filed in this court on December 22, 1898, and since that date

there have been several interlocutory motions made in it worthy of a better cause; for the cause itself should never have been introduced into this or any other court. It involves an original claim only of about $21; and even that amount was offered to be paid before this suit was instituted in the Supreme Court of the District of Columbia. Nor is there any legal principle or important question of law involved which would have justified the institution of the proceedings. Still the cause is here, and we must dispose of it.

The proceedings are in equity and originated with the filing of a bill to vacate a deed alleged to have been made in fraud of a creditor who had obtained a judgment before a justice of the peace. After answers filed and testimony taken, the court below held that there was no sufficient proof to support the allegation of fraud, and dismissed the bill of complaint. And from the decree of dismissal the complainant appealed to this court. What purported to be a transcript of record he filed here, as already stated, on December 22, 1898. On January 12, 1899, the appellees moved to dismiss the appeal on the ground that it had not been taken or perfected within the proper time prescribed by the rules of the court. This motion was overruled. Thereupon the appellees suggested a diminution of the record, and asked for the issuance of a writ of *certiorari* to bring up the parts of the record alleged to have been omitted. This was allowed, and the writ was issued. It appears that the parts omitted comprised all the testimony and exhibits introduced and filed in the case. The clerk of the Supreme Court of the District of Columbia has now made return to the writ and his return is to the effect that he has "made application to the solicitors of record for both the appellees and appellant in this cause for payment of the cost of preparing the additional matter called for in said writ, consisting of about two hundred and thirty typewritten pages, and they both decline to pay or to be responsible for the pay-

ment of said costs." This return was made on February 15, 1899. In anticipation of it, the appellant, on February 13, 1899, filed a motion for leave to dispense with the printing of the part of the record referred to and specified in the writ of *certiorari*; and it is this application, together with the writ itself and the return thereto, that is now before us. In view of the important questions of practice that are raised thereby, and of the fact that the spirit at least of the rules of our court has been disregarded in the case, we have deemed it proper, for the general information of the bar, and to set at rest, as far as we can, these petty controversies in regard to procedure which serve to enhance the costs of appeal, without subserving any useful purpose in the administration of justice, to commit to writing our rulings in this case.

It ought not to be difficult to make up a record in an equity suit for this court on appeal. While discouraging frivolous appeals, it is the purpose of the rules of court to diminish, as far as possible, the cost of bringing causes to this tribunal. For this reason it is directed that all merely formal matters should be omitted, and that only such parts of the record should be brought up as are necessary for the determination of the questions to be presented to this court. Unfortunately, the disposition often is to expand the testimony in equity causes to an unnecessary and useless extent by irrelevant questions and the introduction of immaterial issues. And yet it is the experience of courts of equity, and especially of appellate tribunals, that the substantial testimony important in the determination of causes is usually to be found within a very narrow compass and is, in bulk, but a very small fraction of that which is incorporated into the record. It is easy enough perhaps to segregate the important pleadings and matters of a documentary character in an equity proceeding; but it requires some effort on the part of counsel to eliminate from their records the superfluous testimony that has been introduced into them in consequence of the loose method now in use

for the taking of testimony. But it is in the interest of litigants and of the public, as well as for the ultimate convenience of counsel themselves and of the courts, that the effort should be made to eliminate such superfluous matter. To effectuate this result, the provision has been made that the appellant in the first instance should designate to the clerk of the court below such portions of the record as in his opinion are proper fully and fairly to present the issues between the parties and to constitute the record in the appellate tribunal. Upon notice to him of such action on the part of the appellant, the appellee, if he deems the indicated portions of the record to be insufficient, should forthwith indicate the further portions which in his opinion are necessary or proper to be included. And the clerk thereupon should certify the parts of the record so indicated as being the record of the cause for the purpose of the appeal. If the appellee is satisfied with the parts designated by the appellant, or if he fails within a reasonable time to designate any further parts himself, the clerk will certify the record as designated by the appellant to be the record in the cause; otherwise, he will include and certify the parts designated by each party, and certify the whole, the question of useless and unnecessary costs being reserved for the consideration of this court.

This procedure would seem to be clear and simple, and conducive to the ends of justice. But, as the Supreme Court of the United States said in the case of *Railroad Co.* v. *Schutte,* 100 U. S. 644, "while we desire to encourage in every proper way all attempts made in good faith to exclude immaterial matter from the transcripts brought here on appeals or writs of error, it will not do to permit the appellant or plaintiff in error to make up a record to suit himself, without any regard to the wishes of his opponents, or the rules and practice of the court." This is what seems to have been done in the present case. Notwithstanding that the decree appealed from is shown by the opinion of the

court filed in the cause to have been based on the testimony, and that the bill of complaint was dismissed on the sole ground that the proof failed to substantiate the charge of fraud in fact made by the complainant therein, yet the whole and entire testimony is omitted from the transcript before us. It is true that cases may be supposed where the decision has turned upon some question independent of the testimony; but we do not understand the present case to fall into that category. For, as we have said and as the record before us shows, the decision in the present case is expressly based upon the testimony.

But this not the only difficulty. We have no record before us upon which we can hear this case, and it would seem that upon the hearing we would have to dismiss the appeal of our own motion for the want of a record upon which to act. To the transcript filed here by the appellant the certificate of the clerk of the court below is to the effect that "the foregoing pages numbered from 1 to 36 inclusive, are true copies of originals in cause No. 18,694 in equity, wherein George E. Davis is complainant and Marian A. Harper et al. are defendants, as the same remain upon the files and records of said court." This is not the certificate of any record; and the transcript to which it is attached does not purport to be a transcript of the record in the cause, but only to contain copies of certain papers on file in the cause. The certificate is even more defective than that which was used in the case cited of *Railroad Co.* v. *Schutte,* 100 U. S. 644, which was to the effect that the transcript annexed to it "contained copies of such entries, papers and proofs as were necessary on the hearing of the appeal prayed and allowed in the said cause," and which the Supreme Court of the United States held to be insufficient.

The motion to dismiss the appeal heretofore filed by the appellees did not reach this difficulty, for the reason that it was based upon an entirely different ground, the failure to take and perfect the appeal in time. And the application

for the writ of *certiorari* equally failed to reach it; for this application assumes the existence of a record, although a defective one. But here there is no record whatever, in contemplation of the rules and practice of this court, because the clerk does not certify that the transcript is, in fact, a transcript of the record in the cause. A motion, therefore, to dismiss the appeal for the want of a record would be proper.

We may add that, where there is a duly certified transcript of record, and application is made for the writ of *certiorari* to bring up matters alleged to have been omitted, the cost of the additional transcript should be borne in the first instance by the applicant for the writ, subject, of course, to the final determination of the appellate court upon its materiality and the apportionment of the costs thereupon. But this question, and the necessity of application for the writ, may well be avoided, if the parties will pursue the course indicated by the rules, and which we have sought here to elaborate, in the preparation of their transcripts.

Under the circumstances of this case, we will make no further order in reference to the matter of the diminution of the record. Nor can we properly make any order upon the appellant's motion to dispense with the printing of that portion of the record sought to be brought up under the writ of *certiorari*. That portion of the record is not here, and we can make no order in regard to it, unless it be formally to overrule the motion to dispense with the printing of it. For the purpose of disposing of that motion upon the record, it will be, and it is hereby, overruled; and the parties will be left to their further course in the premises as they may be advised.